RICHARD DOHERTY v. CHARLES J. ROMANO ET AL.,
PARTNERS, ETC.

Decided November 16, 1926.

**Negligence—Injury to Plaintiff and His Automobile by a Crane Used in the Repair of the Highway—Jury Found For Plaintiff—Compensation For Injury to Automobile, but Nothing For Personal Injury—Defendant Obtained Rule to Show Cause—Held, That Claim That Plaintiff was Entitled to at Least Nominal Damages For Personal Injury if He is to be Compensated For Property Damage, Should Not be Sustained —Verdict Not Against Weight of Evidence—No Error in Charge.**

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Thomas Brunetto.*

*Contra, Richard Doherty, pro se.*

PER CURIAM.

This action was brought by the plaintiff to recover compensation for personal injuries received by him and for damage done to his automobile through coming in contact with a cable, with a bucket suspended therefrom, while driving along Amboy avenue, between Metuchen and Perth Amboy. The trial resulted in a verdict against the defendants, the jury awarding the plaintiff compensation for the damage done to his automobile, but allowing him nothing for personal injuries, and the former thereupon applied for and obtained the present rule.

The material facts are as follows: The defendants were engaged in laying a sewer in the highway along which the plaintiff was driving. According to the proofs submitted by the plaintiff, the defendants had an excavating machine standing on one side of the road. There was attached to this machine a boom, from which a chain was suspended, at the end of which was attached a large bucket used for the

purpose of shifting earth. The top of the boom was something like twenty feet or more above the surface of the road. As the plaintiff's car approached the place where the excavating machine was standing, the boom, with the cable and bucket attached, suddenly swung across the road so as to overhang that part of it along which he was traveling. This was done without any warning, and the plaintiff failed to observe the bucket and the·cable until just the instant before his automobile crashed into them.

The first ground upon which we are asked to order a new trial is that the verdict rendered by the jury is contrary to law, for the reason that compensation was awarded to the plaintiff for injury done to his automobile, but nothing was allowed for personal injuries sustained by him, when he was entitled at least to nominal damages on that account. Assuming this to be the fact, the action of the jury was not injurious to the defendants. If the accident was one for the happening of which they were liable, they cannot justly complain because the jury relieved them from compensating the plaintiff for personal injuries which, if received, were so slight as to justify only an award of nominal damages.

Next, it is contended that the verdict is against the weight of the evidence, both on the finding of negligence against the defendants and the finding that the plaintiff was not guilty of contributory negligence. Our examination of the proofs leads us to the conclusion that these findings by the jury were fairly justified by the proofs submitted.

Lastly, it is argued that the trial judge erred in charging the jury with relation to the right of the traveling public to assume that there is no dangerous impediment for obstruction of a temporary nature in any part of the highway, unless proper warning is given of its existence by the person responsible for its presence there. The instruction complained of was in accord with the legal rule exploited in the case of *Matheke* v. *United States Express Co.*, 86 *N. J. L.* 586, and there was no error in the adoption by the trial court of this rule in dealing with this phase of the case in its charge to the jury.

The rule to show cause will be discharged.